IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

IN RE:

KRISTINA LYNN HALL                                      Case No.:19-01257

SSN:  XXX-XX-9731

**RESPONSE TO MOTION TO DISMISS DEBTOR'S
CASE PURSUANT TO 11 U.S.C. 707(b)(3)**

COMES NOW the Debtor, by and through counsel, and for response to the Motion to Dismiss filed against her would show and state as follows:

1. Debtor admits that this court has jurisdiction over this matter.

2. Debtor admits she filed for Chapter 7 bankruptcy relief on or about February 28, 2019.

3. Debtor admits Michael Gigandet was appointed Chapter 7 Trustee in this case.

4. Debtor admits that the US Trustee filed a statement that the case was not presumed an abuse.

5. Debtor admits that the Meeting of Creditors was held.

6. Debtor admits that her unsecured debt is approximately $72,725.00 and is consumer debt.

7. Debtor submits that paragraph 7 of the United States Trustee's Motion is a statement of law and therefore Debtor admits this paragraph.

8. Debtor submits that paragraph 8 of the United States Trustee's Motion is legal argument, therefore Debtor denies this paragraph.

9. Debtor submits that paragraph 9 of the United States Trustee's Motion is legal argument.  Therefore, Debtor denies this paragraph.

10. Debtor denies that she has overstated her income or understated her expenses and that the adjustments are subject to interpretation by the court. Therefore, this paragraph is denied and strict proof thereof is demanded.

11. Debtor asserts that the adjustments are subject to interpretation by the court. Therefore, this paragraph is denied and strict proof thereof is demanded.

12. Debtor submits that paragraph 12 of the United States Trustee's Motion is legal argument, therefore Debtor denies this paragraph.

## AFFIRMATIVE DEFENSES

13. Since the filing of this bankruptcy Debtor's non-filing spouse has become unemployed. Debtor submits that this circumstance means that she would be unable to maintain a payment in a Chapter 13 and therefore her Chapter 7 case should be allowed to continue and her debt should be discharged.

14. Debtor further submits that her non-filing spouse has faced periods of unemployment prior to the filing of the instant bankruptcy case. Therefore, Debtor submits that the income amount on her Means test <u>may</u> need to be recalculated to account for any periods of unemployment incurred during the means test period.

15. Debtor lastly submits that she wants to resolve this matter amicably with the United States Trustee and is trying to gather further documents at this time to defend this Motion.

Respectfully submitted this the 20th day of June, 2019.

/s/ Mattie Lee Bhela
MATTIE LEE BHELA #22680
115 Public Square
Gallatin, TN 37066
(615) 452-9400
Fax: (615) 452-4159
Email: roehrigassociates@comcast.net
Attorney for Debtor

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Response has been forwarded to Paul Randolph, US Trustee, Region 8 and to Megan Seliber, Trial Attorney for the U.S. Trustee 318 Customs House, 701 Broadway, Nashville, TN 37203, this the 20th day of June, 2019.

      /s/ Mattie Lee Bhela